Mark W. Lapham, Esq. (SBN 146352)
**LAW OFFICES OF MARK W. LAPHAM**
751 Diablo Rd., Danville, CA 94526
TEL: (925) 837-9007
FAX: (925) 406-1616

Attorneys for Plaintiff, MASAZUMI INOUE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MASAZUMI INOUE,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as, Trustee for the ALTERNATIVE LOAN TRUST 2005-17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17, and Does 1-100, inclusive,<br><br>    Defendant(s). | Case No.: 15-cv-01636 YGR<br><br>**NOTICE OF APPEAL**<br><br>**JURY TRIAL DEMANDED** |

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

   **NOTICE IS HEREBY GIVEN** that Plaintiff, MASAZUMI INOUE, by and through his counsel of record appeals the ORDER GRANTING THE MOTION TO DISMISS, DATED JULY 23, 2015, Judgement Entered August 14, 2015.  Attached hereto as Exhibit A are true and correct copies of the Order and the Judgment..

Dated:  August 26, 2015                             **LAW OFFICES OF MARK W. LAPHAM**
                                                    By: //s/Mark W. Lapham
                                                        Mark W. Lapham
                                                    Attorney for Plaintiff  MASAZUMI INOUE

1

Inoue v .Bank of America, National Association., et al.         NOTICE OF APPEAL
                                                                USDC NDC Case No. 15-cv-01636 YGR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASAZUMI INOUE,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL.,<br><br>    Defendants. | Case No. 15-cv-1636-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Currently before the Court is defendants' motion to dismiss plaintiff's FAC based on the doctrine of *res judicata* and various other grounds, filed on June 6, 2015 (Dkt. No. 13 ("Mtn.").) Plaintiff Masazumi Inoue opposed the motion (Dkt. No. 21 ("Oppo.")), and defendants timely filed a reply. (Dkt. No. 26.) Having carefully considered the papers submitted,[1] the record in this case, oral argument, and good cause shown, the Court hereby **GRANTS** defendants' motion to dismiss **WITHOUT LEAVE TO AMEND**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **The Previously-Litigated State Court Action**

On May 9, 2013, the plaintiff filed a wrongful foreclosure case in the California Superior Court, County of San Francisco, asserting six causes of action: (1) violation of California Civil

---

[1] In connection with its motion, the defendants filed a request for judicial notice of certain publicly recorded documents from the record in the related state case. (Dkt. No. 14 ("RJN").) The Court **GRANTS** the unopposed request pursuant to Federal Rule of Evidence 201. "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The facts subject to judicial notice are properly considered on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mullis v. United States Bankruptcy Ct.*, 828 F.3d 1385, 1388 (9th Cir. 1987).

Code section 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code section 2923.6; (5) violation of California Civil Code section 1572; and violations of California Business and Professions Code section 17200. (RJN, Ex. 1 ("State Court Complaint").) That complaint generally alleged wrongful conduct in connection with events leading up to and including a mortgage foreclosure by defendant Bank of America, N.A. ("BANA").[2]

Relevant to defendants' motion to dismiss, the State Court Complaint included the following allegations against BANA:

- "Defendants have no standing to enforce non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale because an assignment was not acknowledge [sic] or recorded." (State Court Complaint ¶ 30.)

- "The San Mateo County Recorder's Office does not contain any evidence of a recorded assignment from BANA." (*Id.* ¶ 34.)

- "Furthermore, This [sic] defendant did not adhere to the mandates laid out by congress before foreclosure can be considered duly perfected … However, Defendants do not have the Deed of Trust, nor do they provide any documents evidencing obligations secured thereby. For the aforementioned reasons, the Notice of Default will be void as a matter of law and Defendants recorded a false document." (*Id.* ¶ 42.)

- "Plaintiff allege [sic] that the Defendants' practices are likely to mislead the general public, and therefore, constitute a fraudulent business act of [sic] practice within the meaning of *Business and Professional Code Section* 17200."

---

[2] The State Court Complaint also listed ReconTrust Co., Inc. as a named defendant, but plaintiff does not name that entity in the FAC.

(*Id.* ¶ 65.)

Judgment was entered in the state court action in favor of defendants and against plaintiff on November 21, 2013. (RJN, Ex. 2.)

    **B.**    **This Federal Action**

On April 9, 2015, the plaintiff initiated this action in federal court. (Dkt. No. 1.) The FAC, filed on April 28, 2015, asserts causes of action for: (1) wrongful foreclosure; (2) negligence; (3) fraud; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) violations of the California Business and Professions Code section 17200 *et seq.* (Dkt. No. 8.) In addition to BANA, plaintiff further names defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of New York Mellon ("BNYM") as trustee for the loan trust.

Similar to the State Court Complaint, the FAC generally alleges wrongful foreclosure based on fraudulent assignment and improper securitization of the same loan secured by the same property, and that defendants did not have standing to foreclose. The relevant allegations are as follows:

- "The foregoing sales [of Plaintiff's loan] were made without the required intervening assignment of Plaintiff's Deed of Trust and endorsement of the note in contravention of the governing trust documents." (FAC ¶ 14.)

- "Recontrust could not legally conduct a foreclosure sale of Plaintiff's property for the additional reason that the only Notice of Default ["NOD"] filed against the Plaintiffs [sic] (Exhibit "F") was executed and recorded on behalf of BNY, an invalid beneficiary in violation of Cal. Civil Code sections 2924(a)(1)(C) which requires that a (valid) beneficiary provide notice to the borrower of any breaches of mortgage obligations actually known to it. The Notice of Default is

3

the cornerstone of the non-judicial foreclosure statute and failure to comply with the requirements applicable to notices of default constitutes an egregious violation of the statute." (FAC ¶ 44.)

- "The detailed allegations of fact set forth in this Verified Complaint establish that none of the named defendants to this action is 'a person entitled to enforce the note' or a purchaser of the note or creditor of the payee to whom it was issued that obtained a property interest in the note." (FAC ¶ 49.)

- "Moreover, the NOD issued against the Plaintiff by Recontrust on behalf of BNYM did not notify him of breaches of his mortgage obligations actually known to the true beneficiary in violation of Cal. Civil Code section 2924(a)(1)(C). The notification set forth in the NOD is inaccurate. Inaccurate notice is no notice at all. Therefore, Plaintiff was never in default of his mortgage loan obligations within the meaning of the non-judicial foreclosure statute." (FAC ¶ 103.)

- "Specifically, and as set forth with greater particularity in preceding paragraphs, BANA engaged, and continues to engage, in deceptive business practices with respect to mortgage servicing by collecting and attempting to collect mortgage payments from Plaintiff on behalf of BNYM, an invalid beneficiary." (FAC ¶ 102.)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Even under the liberal pleading standard of Rule 8(a)(2),

"a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotations omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

The FAC must also comply with Federal Rule of Civil Procedure 9(b) with respect to the claim for fraud. Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Such circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1989)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservative Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The legal sufficiency of the claims themselves, and not sufficiency of the facts alleged, is

5

at issue here.[3]

### III. DISCUSSION

#### A. Legal Framework

The doctrine of *res judicata* operates to bar litigation in a subsequent action where a plaintiff raised, or could have raised, the same claims in a prior action that resulted in a final judgment on the merits. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). To determine whether *res judicata* precludes a plaintiff's claims a federal court must apply the *res judicata* rules of the particular state – in this case California – to judgments issued by that state. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). Under California law, *res judicata* will bar claims "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens*, 244 F.3d at 713 (internal quotations omitted).

California does not require that the claims be identical for *res judicata* to preclude re-litigating those claims. "*Res judicata* precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 897 (2002). "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised." *Gonzalez v. California Dept. of Corrections*, 739 F.3d 1226, 1233 (9th Cir. 2014) (quoting *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174 (1983). "[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same

---

[3] Defendants also partially move to dismiss the FAC on grounds that plaintiff did not sufficiently allege facts giving rise to claims for negligence, fraud, negligent infliction of emotional distress, and intentional infliction of emotional distress. *See* Mtn. Because the Court finds that plaintiff's complaint wholly fails due to the doctrine of *res judicata*, however, the Court need not address the sufficiency of the facts alleged to state a claim in the FAC.

6

harm, they generally involve the same primary right." *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 108 (2008). California also subscribes to the view that identity or privity of parties must only be satisfied as to the party against whom *res judicata* is asserted. In other words, the pertinent question with respect to privity of parties is whether "the party against whom the plea [of *res judicata*] is asserted [was] a party or in privity with a party to the prior adjudication." *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 813 (1942).

*Res judicata* "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Because "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding[, it] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

### B.     Analysis

The defendants contend that *res judicata* should act as a complete bar to the claims in the FAC because plaintiff has already raised, or could have raised, each of his claims in the state court action that resulted in a dismissal with prejudice. Plaintiff Inoue neither addresses the three prongs – (1) identity of claims, (2) final judgment on the merits, and (3) identity of parties – nor argues that they are not met in this case. Instead, plaintiff argues that a "manifest injustice" exception to the doctrine of *res judicata* should apply in these circumstances, but he provides no citation or authority for this proposition. The Court addresses each of the three prongs of *res judicata* and then turns to plaintiff's purported exception.

#### i.     The Three-Prong Test for *Res Judicata* is Satisfied

First, the identity of claims prong is satisfied because the factual allegations in both the State Court Complaint and the FAC "involve the same primary right," or the alleged wrongful

7

foreclosure. *Boeken*, 48 Cal.4th at 108. In particular, the plaintiff alleges that defendants wrongfully foreclosed on the same loan on the same real property, and plaintiff raises challenges to the validity of the assignment of the same deed of trust. That the plaintiff adds myriad new factual allegations in the FAC, mostly related to so-called "dual tracking," and various new state law claims is not relevant to this inquiry. *See Gonzalez*, 739 F.3d at 1233 (the doctrine of *res judicata* operates to bar not only all claims that were actually raised in a previous action, but also those that could have been raised.) Plaintiff provides no alternative perspective. Accordingly, this prong is met.

Second, the dismissal of the state court action is a final judgment on the merits. The state court entered an order and judgment, dismissing that action with prejudice for plaintiff's failure to prosecute. (*See* RJN Ex. 3.) "Unless otherwise specified, such a dismissal [with prejudice for failure to prosecute] 'operates as an adjudication on the merits.'" *Owens*, 244 F.3d at 714 (quoting Fed. R. Civ. P. 41(b)). Again, plaintiff provides no authority to the contrary. On this basis, the second prong is satisfied.

Finally, the requirement of identity or privity of parties is satisfied here. Plaintiff is unquestionably the same person in both the state court action and this federal action, and defendant BANA is likewise the same entity. Defendants MERS and BNYM were not parties to the state court action, but they may still assert *res judicata* as to these claims. *Bernhard*, 19 Cal.2d at 812-13 ("There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.") The FAC addresses the same primary rights previously adjudicated against plaintiff in the state court action, and so MERS and BNYM are entitled to assert *res judicata* against plaintiff. *Id.*

      ii.  **No Exception to *Res Judicata* Applies to Plaintiff's Claims**

Plaintiff's discussion of why the "manifest injustice" exception to *res judicata* should apply here is hardly a model of clarity. As the Court noted at the outset, plaintiff does not cite any

8

law in support of this proposition.[4] Moreover, his analysis quickly devolves into a nonsensical discussion of defendants' constitutional standing. The relevance of defendants' standing in this Court – the forum chosen by plaintiff – is lost on the Court. It simply has no bearing on whether the doctrine of *res judicata* should apply under these circumstances.

Consequently, no applicable exception applies, and *res judicata* will bar the present suit.

### C. Leave to Amend

Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). One exception to this general rule of permissiveness, however, is where amendment would be futile. *Foman*, 371 U.S. at 182; *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). The plaintiff has failed to identify other facts or theories that would avoid application of *res judicata* to his claims and justify granting leave to amend. The Court finds that it would be futile to grant leave to amend.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the defendants' motion to dismiss **WITHOUT LEAVE TO AMEND**. The defendants shall submit a proposed form of judgment, approved as to form by the plaintiff, within five (5) business days of the date of this Order.

This order terminates Docket Number 12.

**IT IS SO ORDERED.**

---

[4] The Court acknowledges that the concept of "manifest injustice" as an exception to *res judicata* has some minimal basis in law. *See Greenfield v. Mather*, 32 Cal.2d 23, 35 (1948) ("[I]n rare cases a judgment may not be res judicata, when proper consideration is given to the policy underlying the doctrine, and there are rare instances in which it is not applied.") However, the California Supreme Court has since said that while there is some authority "for the proposition that, in particular circumstances, courts may refuse to apply res judicata when to do so would constitute manifest injustice," that it considers the exception "of doubtful validity" and notes that "it has been severely criticized." *Slater v. Blackwood*, 15 Cal.3d 791, 796 (1975) (internal citations and quotations omitted).

Dated: July 23, 2015

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

| | |
|---|---|
| MASAZUMI INOUE,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as, Trustee for the ALTERNATIVE LOAN TRUST 2005-17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17, and Does 1-100, inclusive,<br><br>    Defendants. | Case No. 4:15-cv-01636-YGR<br><br>**JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Action Filed:   April 28, 2015<br>Trial Date:     None Set |

The Court heard the motion for dismissal filed by the Defendants, Bank Of America, National Association, Mortgage Electronic Registration Systems, Inc. And The Bank Of New York Mellon f/k/a The Bank Of New York as, Trustee for the Alternative Loan Trust 2005-17, Mortgage Pass-Through Certificates, Series 2005-17, on July 22, 2015. Following the hearing, on July 23, 2015, the Court issued an Order Granting Motion to Dismiss that contained the Court's findings of facts and conclusions of law. Based upon that Order, the Court now affirms judgment as follows:

1      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered in
2  favor of the Defendants, Bank Of America, National Association, Mortgage Electronic
3  Registration Systems, Inc., and The Bank Of New York Mellon f/k/a The Bank of New York as,
4  Trustee for the Alternative Loan Trust 2005-17, Mortgage Pass-Through Certificates, Series 2005-
5  17, and against Plaintiff Masazumi Inoue. This action is dismissed with prejudice. Plaintiff,
6  Masazumi Inoue, shall take nothing by means of this complaint.

DATED: August 14, 2015

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM:

DATED: July 28, 2015

By: _____
Mark W. Lapham

Attorneys for Plaintiff Masazumi Inoue